**YA CHUN WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 08–4259–ag.**

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Lee Ratner, Of Counsel to Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ya Chun Wang, a native and citizen of the People's Republic of China, seeks review of a July 29, 2008 order of the BIA denying her motion to reopen. *In re Ya Chun Wang*, No. A077 913 329 (B.I.A. July 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Wang's untimely motion to reopen.

As the BIA found, the birth of Wang's children in the United States and her practice of Falun Gong are changed personal circumstances that do not fit within the exception to the time-bar for motions to reopen required by 8 C.F.R. § 1003.2(c)(3)(ii). *See Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273 (2d Cir.2006); *Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003). Nevertheless, Wang argues that the BIA abused its discretion when it found that her evidence was insufficient to establish changed circumstances in China. That argument is unavailing, as the BIA reasonably questioned the reliability of Wang's evidence in light of the adverse credibility determination that was made in her underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148–49 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error because the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication). Moreover, the BIA did not abuse its discretion in finding that the affidavit from Wang's husband had little probative value, as it reasonably noted that he was not in China when the

events to which he attests allegedly occurred. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Indeed, we have previously reviewed the BIA's consideration of evidence similar to that which Wang has submitted in support of her motion and found no error in the agency's conclusion that such evidence is insufficient to establish either materially changed country conditions warranting exemption from the time limit for a motion to reopen or a *prima facie* claim of a well-founded fear of future persecution. *See Jian Hui Shao,* 546 F.3d at 171 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).